UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA NELSON<br><br>　　Plaintiff,<br><br>v.<br><br>J.D. BYRIDER.<br><br>　　Defendant. | CIVIL ACTION  1:16-cv-03490<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

NOW COMES the Plaintiff, MELISSA NELSON ("Melissa"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, J.D. BYRIDER ("JD") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages for JD's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227 ("TCPA"), and 28 U.S.C. §§1331 and 1337 because the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 as JD conducts business in this District and JD's conduct harmed Plaintiff in Illinois.

## PARTIES

5. Plaintiff Melissa Nelson is a consumer and natural person over 18-years-of-age who at all times relevant resided in Illinois.

6. Defendant JD is an Indiana corporation and conducts business in the State of Illinois and has a registered agent in Illinois. Its primary business is selling automobiles and financing the purchase of the same.

## JD'S CALLS TO PLAINTIFF'S CELLULAR PHONE

7. At all times relevant, Melissa was the sole subscriber, owner, and operator of the cellular phone with the assigned number ending in 2114. Melissa is and has always been financially responsible for the cellular phone and its services.

8. Melissa has never visited JD's place of business nor has she ever entered into any business transaction with JD.

9. Melissa never provided her cellular number to JD.

10. Sometime in October 2015, JD began placing calls to Melissa's cellular phone to solicit her business.

11. Specifically, between October 2015 and January 2016, JD placed no less than 50 phone calls to Melissa's cellular phone.

12. During that time period, JD would sometimes place multiple calls per day to Melissa's cellular phone.

13. Between October 2015 and January 2016, Melissa answered no less than 5 calls from JD and demanded that JD cease all contact with her.

14. During the phone calls in which Melissa picked up the phone, she would say "hello," to which there would be no response for approximately 3 seconds. After the pause, a JD representative would introduce themselves and attempt to solicit business from Melissa.

15. Melissa also received various mail correspondences and e-mail communications from JD.

16. Melissa responded to JD's e-mails requesting that JD cease contacting her in any way.

17. The persistence of JD's phone calls and written correspondences began to disrupt Melissa's everyday life and general well being.

18. Melissa made two separate calls to JD demanding that the calls cease, but the calls persisted until Melissa was eventually forced to change her cellular phone number.

19. Melissa suffers from severe anxiety and depression. Melissa recently discovered that a tumor has formed on her brain, thus causing her severe mental anguish.

20. JD's conduct has exasperated her anxiety and depression conditions and has substantially increased Melissa's mental anguish.

21. Melissa constantly fears JD reacquiring her cellular phone number and the commencement of a new solicitation campaign on her new cellular phone number.

22. JD's harassing phone calls have been highly upsetting to Melissa and have significantly disrupted her life. JD's persistent phone calls have resulted in harm to Melissa, including but not limited to, emotional distress, mental anguish, invasion of privacy, increased anxiety, increased depression, the aggravation that accompanies unsolicited telephone calls, increased usage of her telephone service, and diminished space for data storage on her cellular phone.

23. Melissa has been forced to retain counsel and incur attorney's fees as a result of JD's harassing phone calls.

**COUNT I – JD'S VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

24. Melissa restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. The TCPA prohibits calling persons on their cell phone using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity…to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

26. Upon information and belief, based on the pause and lack of prompt human response during the phone calls in which Melissa answered, JD used a predictive dialing system to place calls to Melissa.

27. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

28. "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

29. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

4

30. JD violated the TCPA by placing no less than 50 phone calls to Melissa's cellular phone between October 2015 and January 2016, using an ATDS without Melissa's consent.

31. As stated above, Melissa never consented to any of JD's calls to her cellular phone.

32. As pled above, Melissa was harmed by JD's unsolicited calls to her cellular phone.

33. Pursuant to 47 U.S.C. §227(b)(3)(B), JD is liable to Melissa for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), JD's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Melissa is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff MELISSA NELSON requests that this Honorable Court:

a. Declare JD's phone calls to Melissa to be violations of the TCPA;
b. Award Melissa damages of $1,500 per phone call for JD's willful violations of 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – JD'S VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

34. Melissa restates and realleges paragraphs 1 through 23 as through fully set forth herein.

35. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

36. Melissa is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

37. Melissa is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

38. JD is engaged in "commerce" in the State of Illinois with regard to Melissa as defined by ICFA, 815 ILCS 505/1(f). JD specializes in selling automobiles and financing the purchase of the same, which are activities within the stream of commerce and utilized in its regular course of business.

### a. Unfairness

39. It was unfair for JD to harass Melissa through endless phone calls placed to Melissa's cellular phone after Melissa requested that JD cease all communications with her on multiple occasions.

40. It was unfair for JD to call Melissa in order to solicit its products after Melissa insisted that she was not interested in JD's products and demanded that the calls cease.

41. JD has bullied Melissa into near submission via unfair conduct through its seemingly never-ending harassing phone calls.

42. The phone harassment campaign JD has unleashed on Melissa is against public policy, immoral, unethical, and oppressive.

43. As pled above, Melissa was severely harmed by JD's unfair conduct.

44. Upon information and belief, JD systematically places unsolicited and harassing phone calls to Illinois consumers in an effort to aggressively solicit their business.

45. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers are unfair business practices willfully employed by JD and are done on a broad scale.

46. An award of punitive damages is appropriate because JD's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Melissa and consumers, generally, and Melissa had no choice but to submit to the continued harassing phone calls.

WHEREFORE, Plaintiff MELISSA NELSON requests that this Honorable Court:

a. Enter judgment in her favor and against JD;
b. Award Melissa her actual damages in an amount to be determined at trial;
c. Award Melissa punitive damages in an amount to be determined at trial;
d. Award Melissa her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiffs demand trial by jury.**

Dated: March 21, 2016

Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq. ARDC#6299011
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630) 575-8181
Fax (630) 575-8188